**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

MICHAEL PAUL COLON,

        Plaintiff,

  - v -            Civ. No. 8:19-CV-1301
                    (LEK/DJS)

RANDOLPH-MACON ACADEMY; DAVID C.
WESLEY, *President of R-MA*; and RANDOLPH-MACON
ACADEMY BOARD OF TRUSTEES,

        Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**        **OF COUNSEL:**

MICHAEL PAUL COLON
Plaintiff *Pro Se*
12 Walnut Street
Apt. 2
Potsdam, New York 13676

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

  The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App.

  The Complaint alleges violations of Plaintiff's constitutional rights as well as statutory claims under Title VII and Title IX. *See generally* Compl. The gravamen of the Complaint relates to events concerning the end of Plaintiff's employment at

Randolph Macon Academy, which is located in Front Royal, Virginia, and Plaintiff's subsequent interactions with Defendants. *Id.* The named Defendants are Randolph Macon Academy, as well as, its President and its Board of Trustees. *Id.* at pp. 2-3. Other facts outlined in the Complaint concern events in Rhode Island and Wisconsin. *Id.* at pp. 9-11.

Under the statute governing venue in federal courts, venue is appropriate where any defendant resides or in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Here, the events at issue in this action relate largely to alleged conduct by Defendants in Virginia. Front Royal is located in Warren County, Virginia, within the Western District of Virginia. 28 U.S.C. § 127(b); https://www.warrencountyva.net. Given the identities of the named Defendants and that the Western District of Virginia is the location of many of the events at issue, it is clearly the proper venue for this litigation. The only apparent connection to the Northern District of New York is the fact that Plaintiff is a resident of this District. That alone, however, does not establish proper venue in this District. *Harris v. Case*, 2014 WL 2116987, at \*3 (N.D.N.Y. May 20, 2014) ("plaintiff's residence is irrelevant for venue purposes").

"This Court may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a)." *Taite v. Colgate Univ.*, 2012 WL 9334547, at \*1 (E.D.N.Y. July 11, 2012). Here, there is "no

2

nexus" between the facts of this case and the Northern District of New York and "[P]laintiff has not alleged any nexus of any party to this judicial district." *Id.* Given that this action "might have been brought" in the Western District of Virginia, transfer to that District is appropriate in this case for the convenience of the parties and witnesses. *Id.*; *Abreu v. Brown*, 2018 WL 565280, at *11 (W.D.N.Y. Jan. 22, 2018) (transferring claims when "[t]he witnesses and the required documents will be found" in another district); *Praileau v. United States*, 2017 WL 4350585, at *2 (S.D.N.Y. July 19, 2017) (similar).

Accordingly, the Clerk is directed to transfer this action to the Western District of Virginia for all further proceedings including initial review under 28 U.S.C. § 1915(e) and a determination of Plaintiff's IFP application. *See Taite v. Colgate Univ.*, 2012 WL 9334547, at *2.

**ACCORDINGLY**, it is hereby

**ORDERED**, that this action be transferred to the Western District of Virginia; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

Date: November 5, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

3